```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :   ORDER
v.                                  :
                                    :   S1 20 CR 31 (VB)
EDUARDO TALENTINO,                  :
                Defendant.          :
--------------------------------------------------------x
```

Defendant Eduardo Talentino moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), because he claims to be at risk of severe complications from COVID-19 if he were to contract the disease; FCI Fort Dix is failing to take appropriate steps to control the spread of the disease; he is not receiving the medical treatment he needs for his various physical and mental health conditions; and his conditions of confinement during the pandemic have been unduly harsh. Talentino also contends he has participated in numerous programs while in custody in an effort to rehabilitate himself.

For the reasons set forth below, the motion is DENIED.

On May 27, 2021, pursuant to a plea agreement, Talentino pleaded guilty to possession of child pornography, being a felon in possession of a firearm, and failing to register as a sex offender. The relevant facts are as follows: While in failure to register status, and when he was in his late 50s, Talentino engaged in sexual activity with a 16-year-old girl on multiple occasions. Talentino had previously been convicted of rape of a child. When he was arrested in 2019, he had sexually explicit images of children, including prepubescent children, on his cellphones. He also kept a handgun and ammunition in his home. At the time, he was engaged in the unauthorized practice of psychotherapy and had falsely portrayed himself to adolescents and their parents as a retired FBI profiler. Consistent with the parties' plea agreement, which, among other things, included an enhancement for engaging in a pattern of activity involving the sexual abuse of a minor, Talentino's advisory sentencing range was 120 months' imprisonment, which was also the mandatory minimum for the child pornography offense.

On September 22, 2021, after taking into account Talentino's history of mental health issues, including depression and PTSD, his other physical health issues, and the fact that he was a victim of sexual abuse as a child, the Court sentenced Talentino to 120 months' imprisonment, followed by lifetime supervised release. The Court observed that Talentino was a dangerous man, in light of the instant offenses and because he had previously been convicted of child rape and recently been engaged in unauthorized psychotherapy while pretending to be a retired FBI agent. Pursuant to 18 U.S.C. § 3553(a), the Court found the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

Talentino has been detained since July 30, 2019, which means he has served less than forty percent of the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).

Talentino principally argues he suffers from a number of physical and mental conditions that put him at greater risk of complications from COVID-19 and for which he is receiving inadequate treatment.  However, he has been fully vaccinated against COVID-19, including several booster shots, such that he faces little risk of severe illness or death if he contracts the disease.  Moreover, Talentino's BOP medical records reflect that he is receiving adequate treatment for his various health problems, which includes regular examinations by health care providers and prescription medication, and that psychological services and counseling are available upon request.  That Talentino believes he would get higher quality treatment for his various ailments outside prison (e.g., speech and physical therapy and better drugs) is not a circumstance warranting early release.  Considered in this context, Talentino's health conditions are certainly not extraordinary or compelling.

Moreover, FCI Fort Dix, where Talentino is incarcerated, currently has no confirmed active cases of inmates or staff with COVID-19.  Federal Bureau of Prisons, BOP COVID-19 Statistics,  https://www.bop.gov/coronavirus/covid19_statistics (last visited May 18, 2023).  Thus, Talentino's claim that FCI Fort Dix is disregarding inmate safety and failing to take appropriate steps to control the spread of COVID-19 is unsubstantiated.  Moreover, all BOP inmates have access to booster vaccinations in accordance with guidance from the Centers for Disease Control and Prevention.  Id.

Finally, Talentino says his conditions of confinement have been unduly harsh during the pandemic.  While there is no question restrictions have been placed on prisoner movement, visitation, recreation, program participation, and the like, these very restrictions are why the BOP has managed to keep its inmates reasonably safe.  This is plainly not an extraordinary or compelling circumstance warranting a reduced sentence.

In short, no extraordinary and compelling reasons warrant an early release in this case.

In any event, even if Talentino had shown extraordinary or compelling reasons, early release would not be warranted.  This is because the Section 3553(a) factors continue to weigh strongly against Talentino's early release.  Although the Court commends Talentino on his efforts to rehabilitate himself and urges him to continue his participation in anti-recidivism programs, the profoundly serious nature of his offenses, his related deceptive and manipulative conduct while committing those offenses, and his serious criminal history fully warranted the 120-month prison sentence at the time it was imposed, and continue to warrant such a lengthy sentence.  The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter Talentino from future criminal conduct, and, most significantly, protect the public, argues strongly against granting the motion.

Accordingly, Talentino's motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Eduardo Talentino, Reg. No. 87052-054
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ  08640

Dated: May 18, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge