UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA           :
                                   :     **ORDER**
v.                                 :
                                   :     S1 20 CR 31 (VB)
EDUARDO TALENTINO,                 :
              Defendant.           :
--------------------------------------------------------x

Defendant Eduardo Talentino moves for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), because he is not receiving timely and appropriate treatment for his numerous health problems while in the custody of the Bureau of Prisons ("BOP"), and because he is a reformed and rehabilitated offender.[1]

For the reasons set forth below, the motion is DENIED.

On May 27, 2021, pursuant to a plea agreement, Talentino pleaded guilty to possession of child pornography, being a felon in possession of a firearm, and failing to register as a sex offender. The relevant facts are as follows: While in failure to register status, and when he was in his 50s, Talentino engaged in sexual activity with a 16-year-old girl on multiple occasions. Talentino had previously been convicted of rape of a child. When he was arrested in 2019, he had sexually explicit images of children, including prepubescent children, on his cellphones. He also kept a handgun and ammunition in his home. At the time, he was engaged in the unauthorized practice of psychotherapy and had falsely portrayed himself to adolescents and their parents as a retired FBI profiler. Consistent with the parties' plea agreement, which, among other things, included an enhancement for engaging in a pattern of activity involving the sexual abuse of a minor, Talentino's advisory sentencing range was 120 months' imprisonment, which was also the mandatory minimum for the child pornography offense.

On September 22, 2021, after taking into account Talentino's history of mental health issues, including depression and PTSD, his other physical health issues, and the fact that he was a victim of sexual abuse as a child, the Court sentenced Talentino to 120 months' imprisonment, followed by lifetime supervised release. The Court observed that Talentino was a dangerous man, in light of the instant offenses and because he had previously been convicted of child rape and recently been engaged in unauthorized psychotherapy while pretending to be a retired FBI agent. Pursuant to 18 U.S.C. § 3553(a), the Court found the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

---

[1] In deciding defendant's motion, the Court has considered the motion and the government's opposition thereto. Defendant was afforded an opportunity to submit a reply, but failed to do so.

Talentino has been detained since July 30, 2019, which means he has served approximately 69 months of the 120-month sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement here is Section 1B1.13 of the Sentencing Guidelines.

Talentino principally argues that he is a 59-year old man who suffers from a number of physical and mental health problems that are exacerbated by a lack of appropriate medical care, poor diet, and lack of opportunity for physical therapy, and that require specialized care that the BOP is unwilling or unable to provide. He also claims he has participated in rehabilitative programming, has no disciplinary infractions, and is unlikely to re-offend, and that his sentence has been more severe than necessary or intended because of his ongoing health issues.

As relevant here, extraordinary and compelling reasons exist if (i) the defendant is suffering from serious physical or medical conditions or a functional or cognitive impairment, or is experiencing deteriorating physical or mental health because of the aging process, that "substantially diminishes" the defendant's "ability to provide self-care" within a correctional facility, and from which he is not expected to recover, USSG § 1B1.13(b)(1)(B); or (ii) the defendant's medical condition "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Id. § 1B1.13(b)(1)(C).

Talentino's medical records submitted in support of his motion (Doc. #76-3) do reflect that he is suffering from many of the physical and mental health conditions he lists in the motion. However, based on the information provided by Talentino, the Court does not find that those conditions substantially diminish his ability to provide self-care or that he is suffering from a medical condition that requires long-term or specialized care that is not being provided. To the contrary, Talentino's medical records show that BOP health care providers have appropriately monitored Talentino's health and managed all of his conditions by seeing him frequently during clinical encounters, prescribing and modifying medications as necessary, and offering services and counseling. The medical records also reflect that Talentino has the use of a wheelchair and often a companion to assist in daily tasks. In short, although Talentino might well receive better health care if not in custody, there is no indication in the medical records that he is unable to provide self-care, or that he is not receiving long-term or specialized care without which he is at risk of serious deterioration in health or death. Also, at age 59, Talentino is not a young man, but he is not elderly either.

The Court is sympathetic to the difficulties Talentino faces as a result of his various ailments. But whether considered separately or together, the physical and mental health conditions Talentino describes in his motion and reflected in the medical records simply do not rise to the level of extraordinary and compelling reasons justifying a reduction of his term of imprisonment.

In any event, even if Talentino had shown extraordinary or compelling reasons, a reduction of his term of imprisonment would not be warranted. This is because the Section 3553(a) factors continue to weigh strongly against Talentino's early release. The Court commends Talentino on his efforts to rehabilitate himself and urges him to continue his participation in anti-recidivism programs. However, the profoundly serious nature of his multiple offenses, his related deceptive and manipulative conduct while committing those offenses, and his serious criminal history fully warranted the 120-month prison sentence at the time it was imposed, and continue to warrant such a lengthy sentence. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter Talentino from future criminal conduct, and protect the public, argues strongly against granting the motion.

Accordingly, Talentino's motion for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Eduardo Talentino, Reg. No. 87052-054
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ  08640

Dated: April 15, 2025
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge